CHANCERY.

Case 7.

June 15.

## McCulloch, &c. *vs.* Scott, &c.

### APPEAL FROM MONTGOMERY CIRCUIT.

Judge MARSHALL delivered the opinion of the court.

1. A purchaser of a chattel who is defrauded, may by a tender back of the property rescind the contract; but if vendor refuse to receive it and vendee take it into custody and act with it as if it were his own, it will be regarded that, in so doing, he has waived the benefit of the tender, and cannot thereafter have a rescission.

2. A bill for rescission, in such case, should be dismissed without prejudice to a suit at law.

1. A purchaser of a chattel who is defrauded, may by a tender back of the property rescind the contract; but if vendor refuse to receive it and vendee take it into custody and act with it as if it were his own, it will be regarded that, in so doing, he has waived the benefit of the tender and cannot thereafter have a rescission.

Without expressing any opinion upon the question of fraud involved in this case, we are of opinion that the complainants were not entitled to a decree rescinding their purchase of the jack, and were therefore entitled to no relief on their bill. If there was a fraud, as alleged, in the sale of the jack to them, and if they tendered back the animal in due time, as alleged, and if they might thus have rescinded their purchase and entitled themselves to a restoration of the notes executed for the purchase money, notwithstanding Scott's refusal to rescind, still, as they took the jack home after the refusal, and used him as their own and put him to a number of mares, and did not merely take care of him, it seems to us that they waived or lost the benefit of their tender, and made the jack their own, with the right only of suing for such damages as they may have sustained by the fraud, if one was practiced on them in the sale.

If when the tender was made the complainants had a right to rescind the contract for fraud, they might, notwithstanding the refusal of Scott to rescind, have left the jack in his stable where they had placed him, and have stood upon their right of rescission, or they might, notwithstanding their tender, have re-taken or retained the jack. Their tender, if they had a right then to rescind at their option, was, though refused, a rescission, if they chose to consider it so. They, how-

ever, were not concluded by it, but had a right, at their election, either to stand by the tender and recission, or submitting to the refusal to hold on to the property and the purchase, and claim damages only for the fraud. They could not retain the jack as their property, and at the same time rely upon the previous tender as a rescission, nor could they, at their own will, reserve the right to elect between these alternatives at a future time. By leaving the jack upon Scott's premises they would have demonstrated unequivocally their determination to abide by the tender, and rescind the contract, and they could not afterwards have reclaimed the animal against the consent of Scott. But when upon the refusal of their tender, they took the jack away without intimating that they considered the purchase as rescinded, or meant to insist upon their tender, and that they took the jack merely to prevent his suffering or being injured by neglect, the transaction assumes the appearance of a mere proposition, which, being refused, is withdrawn or disregarded. And as Scott, after rejecting the tender and permitting the jack to be taken away without explanation or reservation, could not have reclaimed him on the next day or at the end of a month, so the other party, after submitting to the rejection of their tender, and after, without explanation or protest or necessity, taking the animal back and putting him to service as if he were their own, could not, at any indefinite period, go back to their tender and claim that the purchase was thereby rescinded, that they had been keeping and using Scott's jack, and that they were not bound to pay for him. If they could do this at the end of seven weeks, they might do it any time within five years.

We think a purchaser is not allowed thus to speculate on events, by silently or even openly reserving the right, at his own option, of considering the contract as rescinded or not rescinded by his tender. In the present case, it does not appear that, from the time of Scott's refusal, up to the commencement of

McCulloch,&c.
vs.
Scott, &c.

this suit, which was an interval of seven or eight weeks, the complainants had ever claimed or asserted that the contract was rescinded, or that the jack was not their property; on the contrary, they treated him as their own, and instead of placing him in the hands of a farrier, or having him treated for alleged disease, they put him to a service by which he might have been and probably was injured.

Upon the whole, therefore, we are of opinion that they cannot rely upon their tender as a rescission of their purchase, but that if defrauded, as they allege, they can only recover damages for the fraud. And as, according to the well settled doctrine upon the subject, the court of equity will only interpose in such cases to effectuate a rescission of the contract, and will not entertain a bill for the recovery of damages when there has been no rescission, or nothing entitling the purchaser to it, but will leave him to his legal remedy, which is not only adequate but peculiarly appropriate, it follows that the bill should have been dismissed, not absolutely, but without prejudice. As the court could not have given relief, if satisfied that a fraud had been committed as alleged, it should not have undertaken to decide absolutely that there was no fraud, and by an absolute dismissal of the bill have defeated or at least obstructed the resort to the appropriate forum. Wherefore, the decree dismissing the bill absolutely is reversed, and the cause is remanded, with directions to dismiss the bill without prejudice to the remedy at law.

*Hazlerigg*, for appellants; *Apperson, Farrow, & Peters*, for appellees.

2. A bill for rescission, in such case, should be dismissed without prejudice to a suit at law.